JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Yvette Tillman Henley

**(b)** County of Residence of First Listed Plaintiff: Chester
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Christopher R. Booth, Jr., Esq., Derek, 1835 Market Street, Suite 2950, Phila., PA 19103 215-391-4790

## DEFENDANTS
Tower Health, dba Brandywine Hospital, and Lisa Macmullen

County of Residence of First Listed Defendant: Chester
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
Benjamin Shectman, Esq., Cozen O'Connor, One Liberty Place, Suite 2800, Phila., PA 19103 215-665-2046

## II. BASIS OF JURISDICTION
[X] 3 Federal Question (U.S. Government Not a Party)

## III. CITIZENSHIP OF PRINCIPAL PARTIES
(For Diversity Cases Only)

## IV. NATURE OF SUIT
[X] 442 Employment

## V. ORIGIN
[X] 1 Original Proceeding

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing: Title VII and 42 U.S.C. sec 1981
Brief description of cause: Employment discrimination and retaliation

## VII. REQUESTED IN COMPLAINT:
JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
JUDGE: Hon. Juan Sanchez
DOCKET NUMBER: 2:18-cv-04520

DATE: June 7, 2021
SIGNATURE OF ATTORNEY OF RECORD: [signature]

FOR OFFICE USE ONLY
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __103 Lockharts Lane, Coatesville, PA 19320__

Address of Defendant: __201 Reeceville Road, Coatesville, PA 19320__

Place of Accident, Incident or Transaction: __201 Reeceville Road, Coatesville, PA 19320__

---

**RELATED CASE, IF ANY:**

Case Number: __2:18-cv-04520__  Judge: __Hon. Juan Sanchez__  Date Terminated: __March 30, 2021__

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? — Yes [ ]  No [✓]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? — Yes [✓]  No [ ]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? — Yes [ ]  No [✓]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? — Yes [ ]  No [✓]

I certify that, to my knowledge, the within case [✓] is / [ ] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __June 7, 2021__   _/s/ Christopher R. Booth/_   __PA 59395__
     *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A. Federal Question Cases:**
1. [ ] Indemnity Contract, Marine Contract, and All Other Contracts
2. [ ] FELA
3. [ ] Jones Act-Personal Injury
4. [ ] Antitrust
5. [ ] Patent
6. [ ] Labor-Management Relations
7. [✓] Civil Rights
8. [ ] Habeas Corpus
9. [ ] Securities Act(s) Cases
10. [ ] Social Security Review Cases
11. [ ] All other Federal Question Cases
    *(Please specify):*

**B. Diversity Jurisdiction Cases:**
1. [ ] Insurance Contract and Other Contracts
2. [ ] Airplane Personal Injury
3. [ ] Assault, Defamation
4. [ ] Marine Personal Injury
5. [ ] Motor Vehicle Personal Injury
6. [ ] Other Personal Injury (Please specify): ____
7. [ ] Products Liability
8. [ ] Products Liability – Asbestos
9. [ ] All other Diversity Cases
    *(Please specify):*

---

### ARBITRATION CERTIFICATION
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __Christopher R. Booth, Jr.__, counsel of record *or* pro se plaintiff, do hereby certify:

[✓] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: __June 7, 2021__  _/s/ Christopher R. Booth/_   __PA 59395__
     *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF PENNSYLVANIA
------------------------------------------------------------------------X
YVETTE TILLMAN HENLEY,

                                                                                                                          Civil Action No.
                          Plaintiff,


       -against-

TOWER HEALTH, DBA BRANDYWINE HOSPITAL,
and LISA MACMULLEN,



                         Defendants.
------------------------------------------------------------------------X

## COMPLAINT

Plaintiff, Yvette Tillman Henley, by and through her undersigned counsel, hereby files this Complaint against Defendants Tower Health, dba Brandywine Hospital, and respectfully alleges upon information and belief, as follows:

## NATURE OF THE CASE

1. Plaintiff complains pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166 ("Title VII")), 42 U.S.C. §1981 ("Section 1981) and the Pennsylvania Human Relations Act, as amended, 43 P.S. §§ 951, *et. seq.* ("PHRA" and also referred to as the "State Cause of Action") and seeks damages to redress the injuries Plaintiff has suffered as a result of being discriminated and retaliated against by Defendants.

## JURISDICTION AND VENUE

2. Jurisdiction of this action is conferred upon this Court as this action involves a federal question under Title VII of the Civil Rights Act and Section 1981. The Court also has supplemental jurisdiction over the State Cause of Action.

3. Venue is proper in this district based upon Defendants' principal place of business within the Commonwealth of Pennsylvania, within the Eastern District of Pennsylvania.

## THE PARTIES

4. Plaintiff YVETTE M. TILLMAN HENLEY (hereinafter also referred to as Plaintiff and "HENLEY") is an individual African American female who is a resident of the Commonwealth of Pennsylvania.

5. Defendant, Tower Health, dba BRANDYWINE HOSPITAL (hereinafter also referred to as "BRANDYWINE") is a domestic non-profit corporation existing under the laws of the Commonwealth of Pennsylvania.

6. Defendant BRANDYWINE has its principal place of business located at 201 Reeceville Rd, Coatesville, PA 19320.

7. At all times material, Defendant LISA MACMULLEN (hereinafter also referred to as "MACMULLEN") was an employee at Defendant BRANDYWINE.

8. At all times material, Defendant MACMULLEN was employed as a Director with supervisory authority at BRANDYWINE.

9. At all times material, Defendant MACMULLEN held supervisory authority over Plaintiff.

## MATERIAL FACTS

10. Since October 2011, Plaintiff has been employed as a Registrar in the Emergency Room Registration Department at Brandywine Hospital.

11. On or about December 11, 2017, Plaintiff filed a dual Charge with the EEOC and Pennsylvania Human Relations Commission ("PHRC") alleging race discrimination, disability discrimination and retaliation (the "2017 Charge").

12. On or about July 24, 2018, the EEOC issued Plaintiff a Right to Sue Letter.

13. On October 22, 2018, Plaintiff filed a federal complaint against Brandywine Hospital, LLC and Macmullen (the "Federal Litigation") alleging claims under Title VII, the Pennsylvania Human Relations Act ("PHRA") and the Family Medical Leave Act ("FMLA").

14. The Federal Litigation is currently ongoing on appeal in the Third Circuit Court of Appeals.

15. During the course of the Federal Litigation, Defendants have retaliated against Plaintiff for asserting her rights under Title VII, the PHRA and the FMLA, as well as complaining about ongoing racial harassment, discrimination and the hostile work environment at Brandywine and specifically from Defendant Macmullen.

16. Moreover, Plaintiff has consistently complained to her immediate supervisor Christal Nowlin, an African American female), as well as Defendant Macmullen and Shelly Cuny, Human Resources Director, about the unfair, harassing, discriminatory and retaliatory conduct she has continuously endured prior to and during the Federal Litigation.

17. Since the filing of the Federal Litigation, Defendants, however, have consistently failed to fully and properly investigate Plaintiff's complaints and/or implement a resolution to her complaints.

18. Defendants' retaliatory conduct includes acts and conduct that can only be described as a "death by a thousand cuts" strategy to string together a series of complaints, accusations,

innuendos, mischaracterizations and criticisms that are unique to her job responsibilities and work environment that are all designed to "set up" Plaintiff to fail.

19. Such conduct includes, but is not limited to:

    a. unfairly blaming and/or disciplining Plaintiff for disputes with co-workers;

    b. acquiescing in petty behavior and conduct among Plaintiff's co-workers in order to negatively influence her job performance;

    c. circumventing Plaintiff's immediate supervisor (Christal Nowlin, an African American female) to negatively evaluate and discipline Plaintiff;

    d. failing to investigate Plaintiff's complaints; and

    e. otherwise treating Plaintiff differently than her white co-employees.

20. Moreover, Defendant Macmullen unilaterally attempted to include negative comments on Plaintiff's written performance evaluation unbeknownst to Plaintiff's immediate supervisor, Christal Nowlin.

21. One of Plaintiff's co-employees specifically complained (the "Complaining Co-Employee") to Defendant Macmullen about the unfair and petty treatment that Plaintiff endured by several of her co-workers.

22. Defendant Macmullen ignored Plaintiff's complaints and attempted to protect the co-employees who were involved in posting the pictures on social media.

23. The Complaining Co-Employee was concerned about complaining about Plaintiff's unfair and harassing treatment because she too did not want to be treated similarly to Plaintiff for complaining about their behavior.

24. Defendants, however, did not fully investigate the complaint and allowed the petty and unfair behavior to continue against Plaintiff.

### The October 29, 2020 Final Warning

25. In fact, on October 28, 2020, one of Plaintiff's co-workers initiated a petty dispute with Plaintiff over some chairs in the registration area.

26. After a meeting with Plaintiff, Christal Nowlin, Defendant Macmullen, Shelly Cuny, and the other co-employee on October 28, 2020, the minor dispute was considered resolved and no discipline was issued to Plaintiff.

27. However, on October 29, 2020, Defendant Macmullen sent an email to one of Plaintiff's third-party co-workers asking whether she had any knowledge about who initiated the petty dispute regarding the "seating." In response, the third-party co-worker stated that she did not have any knowledge as to which employee initiated the dispute.

28. Notwithstanding that the dispute was resolved with Christal Nowlin and unsubstantiated by Defendant Macmullen, on October 29, 2020, Defendants issued Plaintiff a "Final Warning" for her alleged violation of the Brandywine's Behavior and Performance Expectations Policy ("Final Warning").

29. Although not reflected in the Final Warning, Plaintiff walked away from the confrontation and attempted to de-escalate an incident with the co-employee whom Plaintiff had complained to Christal Nowlin, Defendant Macmullen and Shelly Cuny, Human Resources Director, several months prior to the incident in October 2020.

5

30. Contrary to the description in the Final Warning, Christal Nowlin and Shelly Cuny, Human Resources Director commended Plaintiff for her efforts to de-escalate the incident, which was recorded on videotape. Defendant Macmullen was present during this exchange.

31. Notwithstanding Plaintiff's attempt to walk away from the instigator and seek assistance from Christal Nowlin and Defendant Macmullen, Defendants issued Plaintiff the Final Warning.

32. Defendant Macmullen issued Plaintiff the Final Warning unilaterally without the knowledge, cooperation, or acquiescence of Plaintiff's immediate supervisor, Christal Nowlin, who is also an African American woman.

33. Defendants failed to issue Plaintiff any counseling or a first warning for her alleged and unsubstantiated involvement in the incident which she in fact attempted to de-escalate.

34. In fact, Plaintiff has been one of the most productive employees in the Emergency Room Registration Department and has consistently received positive yearly and monthly performance evaluations and recognition for her production and good work.

35. Plaintiff has never received a final warning for behavior issues or similar threats of discipline in the nine years she has worked at Brandywine Hospital.

36. Per its express language, however, if Plaintiff violated the Final Warning at any time in the future, she would be terminated from her position.

37. Defendants issued Plaintiff a Final Warning which subjected her to termination and failed to provide Plaintiff with any lesser progressive discipline such as "counseling" or a "1st written warning" for this dispute.

38. The Final Warning was improperly issued, mischaracterized Plaintiff's involvement in the underlying incident, and was nonetheless the first serious discipline she ever received during the course of her employment at Brandywine Hospital.

39. Accordingly, Defendants issued Plaintiff the Final Warning for the purposes of setting her up to fail so that they could have a manufactured reason to terminate her all in retaliation for her prior complaints and for asserting her rights in the Federal Litigation.

40. In response to the Final Warning, on December 2, 2020, Plaintiff filed an EEOC charge alleging retaliation, race and age discrimination (the "December 2, 2020 EEOC Charge").

41. On March 8, 2021, the EEOC issued a Right to Sue Letter in regard to the December 2, 2020 EEOC Charge.

### The March 29, 2021 Termination

42. Defendants continued to wrongfully discriminate against Plaintiff because of her race, African American, and retaliate against her because of her 2017 Charge, the Federal Litigation and her prior complaints to Defendants.

43. In fact, as feared, Defendants terminated Plaintiff on March 29, 2021 for allegedly engaging in a verbal altercation with a white male Security Officer in the Emergency Room on or about March 6, 2021 (the "March 29, 2021 Termination").

44. On or around March 6, 2021, one of the brothers of a Latino patient was allowed in the Emergency Department area to interpret English for his brother to complete the registration process.

45. The Security Officer engaged in a verbal altercation with the Spanish speaking Latino family members and sought to remove them from the Emergency Department waiting room.

46. The Security Officer aggressively questioned the Latino family and caused commotion in the registration area.

47. Plaintiff resolved the concerns of the Latino family members with the Security Officer and the patient's nurse allowed one of the brothers of the Latino patient to continue to interpret English during the registration process.

48. Thereafter, the Security Officer approached Plaintiff and her co-workers about the verbal altercation and stated, "This is a problem because it was the Spanish guys and not the white people" involved in the verbal altercation.

49. In response, Plaintiff's co-worker, who is Latina, was offended by the Security Officer's comments about the "Spanish guys" and stated, "Could you remove yourself [from the registration area]?" and further stated, "I am speaking for my people. You are supposed to treat everyone the same across the board!"

50. Plaintiff intervened between her co-workers and the Security Officer in an attempt to de-escalate the situation which was occurring in the registration area.

51. Thereafter, Defendants purportedly conducted an investigation and determined that both Plaintiff and her co-workers misinterpreted the Security Officer's comments about Latino and White patients.

52. Defendants then used this incident to terminate Plaintiff on March 29, 2021 for allegedly being involved in another verbal altercation since she was already on an improperly imposed Final Warning.

53. The written Corrective Action/Warning Notification Progressive Discipline Form dated March 29, 2021 ("Termination Notice") stated:

> "On 3/7/21 you engaged in a verbal confrontation in the ED registration area with two other employees in front of other employees and possibly patients and visitors. This argument

was over an inaccurate perception that certain visitors to the ED were mistreated by Security. Loud voices and disrespectful tones were directed by and between all participants. This incident made other employees to feel uncomfortable as well as concern (sic) for patients that might see or hear what was occurring."

54. The Termination Notice is incorrect and mischaracterizes Plaintiff's conduct.

55. It is specifically disputed that Plaintiff, her Latina co-worker and/or other co-workers had an "inaccurate perception that visitors to the ED were mistreated by Security." Quite to the contrary, the white male Security Officer did in fact treat the Latino family and patient in an unfair and disrespectful manner.

56. Further, although the Termination Notice states that "Loud and disrespectful tones were directed by and between all participants", which Plaintiff denies, Plaintiff was the only "participant" who was terminated.

57. In addition, Shelly Cuny required Christal Nowlin to sign the Termination Notice notwithstanding that Ms. Nowlin was not involved in the decision to terminate Plaintiff and in fact disagreed with the termination.

58. The March 29, 2021 Termination was in further retaliation of Plaintiff's prior EEOC charges, Federal Litigation and internal complaints.

59. The March 29, 2021 Termination was also a continuing violation of the retaliatory and discriminatory conduct alleged in the December 2, 2020 EEOC Charge.

60. After the termination, Defendants failed to properly provide Plaintiff with notice of her termination of health benefits which placed Plaintiff in danger since she was not able to secure her medication for nearly a month.

61. As a result of Defendants' actions, Plaintiff feels extremely humiliated, degraded, victimized, embarrassed and emotionally distressed.

62. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff also suffered future pecuniary losses, emotional pain, humiliation, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

63. As Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands punitive damages as against Defendants.

64. The above are just some examples of some of the discrimination and retaliation to which Defendants subjected Plaintiff.

65. The Defendants have exhibited a pattern and practice of not only discrimination but also retaliation.

## COUNT I
### (Race Discrimination – Title VII)

66. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

67. Title VII states in relevant parts as follows: § 2000e-2. *[Section 703]*(a) Employer practices It shall be an unlawful employment practice for an employer – (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."

68. Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. § 2000e *et seq.*, by discriminating and retaliating against Plaintiff because of her prior complaints of discrimination, hostile work environment and retaliation.

69. Defendants created a hostile work environment for Plaintiff.

70. Defendants retaliated against Plaintiff for complaining about the above discrimination and filing the EEOC Charge and Federal Litigation.

## COUNT II
### (Retaliation under Title VII)

71. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

72. Title VII states in relevant parts as follows: § 2000e-2. *[Section 703]*(a) Employer practices It shall be an unlawful employment practice for an employer – (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."

73. Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. § 2000e *et seq.*, by discriminating and retaliating against Plaintiff because of her prior complaints of discrimination, hostile work environment and retaliation.

74. Defendants created a hostile work environment for Plaintiff.

75. Defendants retaliated against Plaintiff for complaining about the above discrimination and filing the EEOC Charge and Federal Litigation.

## COUNT III
### FOR DISCRIMINATION AND RETALIATION UNDER PHRA

76. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

77. The PHRA § 955 provides that it shall be an unlawful discriminatory practice: "(a) For any employer because of the race, color, religious creed, ancestry, age, sex, national origin or non-job related handicap or disability or the use of a guide or support animal because of the

blindness, deafness or physical handicap of any individual or independent contractor, to refuse to hire or employ or contract with, or to bar or to discharge from employment such individual or independent contractor, or to otherwise discriminate against such individual or independent contractor with respect to compensation, hire, tenure, terms, conditions or privileges of employment or contract, if the individual or independent contractor is the best able and most competent to perform the services required."

78. Defendants engaged in an unlawful discriminatory practice by discriminating against the Plaintiff because of her race, African-American, retaliating against her, and creating a hostile work environment.

79. Defendants retaliated against Plaintiff for complaining about the above discrimination and filing the EEOC Charge and Federal Litigation.

80. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of the PHRA §955.

## COUNT IV
## FOR AIDING AND ABETTING UNDER STATE LAW

81. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

82. PHRA § 955(e) provides that it shall be an unlawful discriminatory practice: " For any person, employer, employment agency, labor organization or employee, to aid, abet, incite, compel or coerce the doing of any act declared by this section to be an unlawful discriminatory practice, or to obstruct or prevent any person from complying with the provisions of this act or any order issued thereunder, or to attempt, directly or indirectly, to commit any act declared by this section to be an unlawful discriminatory practice."

83. Defendants engaged in an unlawful discriminatory practice in violation of PHRA § 955(e) by aiding, abetting, inciting, compelling and coercing the discriminatory and retaliatory conduct.

## COUNT V
## RACE DISCRIMINATION AND RETALIATION - SECTION 1981

84. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

85. Plaintiff, as an African American female, is a member of a protected class, and thus, subject to the protections under Section 1981.

86. By the conduct described above, Defendants intentionally deprived Plaintiff of the same rights as are enjoyed by white citizens to the creation, performance, enjoyment, and all benefits and privileges, of their contractual employment relationship with Defendants, in violation of 42 U.S.C. §1981.

87. Defendants retaliated against Plaintiff for complaining about the above discrimination and filing the EEOC Charge and Federal Litigation.

88. Defendants retaliated against Plaintiff in violation of Section 1981.

89. Defendants' action and omissions were also malicious, reckless, callous and deliberated indifferent to Plaintiff's federally protected rights and shocks the conscience.

90. Defendants acted in concert and joint action with each other.

## JURY DEMAND

Plaintiff requests a jury trial on all issues to be tried.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment against Defendants in an amount to be determined at the time of trial plus interest, including but not limited to all emotional distress and back pay and front pay, punitive damages, liquidated damages, compensatory damages, statutory damages, attorneys' fees, costs, and disbursements of action; and for such other relief in law or equity as the Court deems just and proper, including injunctive relief.

By: */s/ Christopher R. Booth, Jr.*
Christopher R. Booth, Jr., Esq.
1835 Market Street, Suite 2950
Philadelphia, Pennsylvania 19103
(215) 518-6683
christopher@dereksmithlaw.com

Dated: June 7, 2021